NO. 07-02-0205-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2002

_____

LUPE MANUEL MEDELLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A3673-0201; HONORABLE JACK R. MILLER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Lupe Manuel Medellin was convicted of indecency with a child and punishment was assessed at ten years confinement. Although represented by appointed counsel at trial, appointed counsel corresponded with appellant notifying him that pursuant to his guilty plea, he could only appeal with permission of the

trial court and suggested that he file a *pro se* notice of appeal. Appellant, proceeding *pro se*, timely perfected his appeal. Both the clerk's record and reporter's record have been filed. Appellant's brief was due to be filed by June 27, 2002, but has yet to be filed. Also, no motion for extension of time has been filed. By letter dated July 23, 2002, this Court notified appellant of the defect and also directed him to explain by August 5, 2002, why the brief has not been filed. Appellant did not respond and the brief remains outstanding.

Therefore, we now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal; and

2.      whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a

supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, October 4, 2002.

It is so ordered.

Per Curiam

Do not publish.